TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. J. WEISMAN & COM-
PANY AND SOUTHERN PACIFIC RAILWAY COMPANY.

Decided October 30, 1907.

**1.—Carriers—Connecting Lines—Nondelivery.**

On an interstate shipment of freight on a contract limiting the liability
of each of the connecting lines in its transportation to losses on its own line of
road, the terminal carrier is not liable for goods lost by the preceding carrier
and never delivered to it.

**2.—Practice on Appeal.**

In an action for loss of certain goods and delay of others in their trans-
portation by connecting lines a recovery against the terminal carrier, where
there was no evidence of damage to plaintiff by the delay, will be taken to be
for the loss only, and this being found unwarranted, the judgment will be
reversed and rendered in favor of such carrier.

Appeal from the County Court of Harrison County.   Tried below
before Hon. H. L. Lyttleton.

*Carey Abney,* for appellant.—The last carrier of an interstate ship-
ment of goods, under a through bill of lading limiting the liability
of each carrier to such loss and damage as may occur on its own line,
cannot be held jointly liable with the initial carrier for loss to said
shipment occurring outside of the State and before said shipment was
received by it, there being no pleading or evidence to show the exist-
ence of a partnership between the two carriers.   Goldstein v. Sherman,
S. & S. Ry. Co., 25 Texas Civ. App., 365; Gulf, C. & S. F. Ry. Co.
v. Malone, 25 S. W. Rep., 1077; Texas & P. Ry. Co. v. Byers Bros.,
73 S. W. Rep., 427; Gulf, W. T. & P. Ry. Co. v. Griffith, 24 S. W.
Rep., 362; Texas & P. Ry. Co. v. Kelly, 74 S. W. Rep., 343.

*S. P. Jones,* for appellees.

RICE, ASSOCIATE JUSTICE.—J. Weisman & Company, appellees,
plaintiffs in the court below, instituted two suits in the Justice's Court
of Harrison County against the Texas & Pacific Railway Company,
one to recover the sum of $79.35 and interest, for the loss of one bale
of canvas shipped by plaintiffs from Fall River, Mass., to Marshall,
Texas; the other to recover the sum of $32.99 damages for delaying
another certain bale of canvas shipped from New York City to ap-
pellees at Marshall, Texas.

Upon motion of the Texas & Pacific Railway Company in said Jus-
tice's Court, these two suits were consolidated, and the Southern
Pacific Railway Company made a party defendant.   The trial in the
Justice's Court resulted in a judgment in favor of the Texas & Pacific
Railway Co., and in favor of plaintiffs against the Southern Pacific
Railway Co. for $75.

The plaintiffs, Weisman & Company, appealed to the County Court,
where a jury trial resulted in a judgment against defendants jointly
for $95.   The Texas & Pacific Railway Company alone filed its mo-
tion for new trial, which, being overruled, it prosecutes this appeal.

In the County Court plaintiffs, Weisman & Company, filed an
amended petition, setting up, among other things, that on the 4th day

of January, 1904, the plaintiffs delivered to the Southern Pacific Company at Fall River, Massachusetts, two bales of canvas, and that the said Southern Pacific Company, by its contract in writing, undertook and agreed to transport and deliver the said two bales of canvas to plaintiffs at Marshall, Texas; that said Southern Pacific Railway Co. was a common carrier, and that it selected as its representative to assist in delivering said goods the Texas & Pacific Railway Co., and delivered said canvas to the said Texas & Pacific Company at New Orleans, La., and that the Texas & Pacific Railway Company undertook to carry out said contract, and to deliver said canvas to plaintiffs at Marshall, Texas; that one of said bales of canvas was delivered to the plaintiffs at Marshall, Texas, on the 31st day of January, 1904, by the Texas & Pacific Company, but that the other bale of said canvas was never delivered to the plaintiffs; that the value of the bale of canvas not delivered at the time it should have been delivered was $84.85; that the defendants together, or one of them, negligently destroyed or converted said bale of canvas, whereby they became liable to plaintiffs for its value with 6 percent interest from January 31, 1904, the date of trial; that on October 20, 1904, the said plaintiffs delivered to the Southern Pacific Railway Company at New York City, to be transported and delivered to plaintiffs at Marshall, Texas, another bale of canvas, which was delivered to plaintiffs at Marshall, Texas, by the Texas & Pacific Railway Company on the 13th day of February, 1905; that the same was negligently delayed en route by the said defendants, and that plaintiffs were damaged thereby.

Appellant answered in the County Court by general demurrer, general denial, and the following special answer, substantially alleging that said canvas was not, in fact, delivered to appellant at Fall River, Mass., but was delivered by appellees to the Southern Pacific Company, and that this appellant was not a party to the contract between appellees and said last-named company for the transportation of said canvas, and that this appellant did not enter into said contract, or authorize any person or corporation to enter into such contract for it, and is in no manner bound thereby; that said contract between the Southern Pacific Railway Company and appellees limited the liability of each carrier to such loss and damage as might occur on its own lines; that said first shipment of canvas was transported by the Southern Pacific Company from Fall River, Mass., to New Orleans, La., but that only one bale of said first shipment was delivered to and received by this appellant from the Southern Pacific Company; that the other bale of said first shipment was lost by the Southern Pacific Company and was never delivered or entrusted to this appellant; that appellant transported the bale so delivered to it to Marshall, Texas, and there delivered the same to appellees. Answering as to the second shipment, appellant alleged that said last bale of canvas was delivered to appellant at New Orleans, La., on the 9th of February, 1905, by the Southern Pacific Railway Company, and was by appellant thereafter delivered at Marshall, Texas, to appellees, on the 12th of February, 1905, and that only three days elapsed from the time of its receipt by appellant until its delivery to appellees at Marshall, Texas. Therefore, it did not cause the delay in the shipment of said last

bale, and prayed that appellees recover nothing from it on account of the loss of said first bale or the delay of the second.

Appellant, by its first and second assignments of error, questions the sufficiency of the evidence to warrant the judgment against it. It is shown by the evidence that Weisman & Company, plaintiffs below, delivered to the Southern Pacific Company, as claimed in its pleading, two bales of canvas on January 4, 1904, to be shipped to plaintiffs at Marshall, Texas; that one of the bales was delivered to plaintiffs on the 31st of January, 1904, by the appellant, but that plaintiffs never received the other bale of canvas. It was likewise shown that on the 20th of October, 1904, plaintiffs delivered to the Southern Pacific Railway Company, at New York City, one bale of canvas to be transported and delivered to plaintiffs at Marshall, Texas; but this bale was not in fact delivered to plaintiffs at Marshall, Texas, until the 13th day of February, 1905; and that the time usually required for freight of this character to be transported from New York to Marshall was 20 days; that the Southern Pacific Railway Company issued to plaintiffs two through bills of lading, agreeing to transport the two shipments to Weisman & Company in Marshall, but limited the liability of each carrier to such loss and damage as might occur on its own line. There was no evidence upon the part of the plaintiffs to show upon what line of road the delay as to the last shipment actually occurred. For appellant it was shown that it only received one bale of the first shipment, and receipted the Southern Pacific Company for said one bale, the other being marked "short." No testimony was introduced showing or tending to show upon what line the delay as to the second shipment occurred.

It will be observed from the above that this was an interstate shipment, that the bill of lading limited the liability of each company to such damage or injury as might occur on its own line, and that there was no allegation nor proof of partnership between the respective roads. We therefore conclude that it clearly follows that there is no liability on the part of appellant to appellees as to the lost bale which was never received by it, as shown by the evidence. (Goldstein v. Sherman, S. & S. Ry. Co., 25 Texas Civ. App., 365; Texas & P. Ry. Co. v. Byers Bros., 73 S. W. Rep., 427; Gulf, C. & S. F. Ry. Co. v. Griffith, 24 S. W. Rep., 362; Texas & P. Ry. Co. v. Kelly, 74 S. W. Rep., 343.)

Relative to the question as to whether there is any liability shown upon the part of appellant for the alleged delay in the October shipment, we have carefully examined the record, and fail to find proof of any damage or injury occasioned to appellees by reason thereof. The judgment of the court below, we think, was based wholly and entirely upon the loss of the alleged first bale, and did not, in our judgment, comprehend any damage for the alleged delay.

We therefore conclude that there was error in the judgment of the court below in awarding damages as against appellant, and that this case should be reversed and rendered in favor of appellant, and affirmed as against the Southern Pacific Railway Company, and it is accordingly so ordered.

*Affirmed in part and reversed and rendered in part.*